UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

PEDRO FONTANES,

Case No 16-cv-5777

**COMPLAINT**

Plaintiff,

vs.

ARCADE AFFILIATES, LLC a/k/a ARCADE
AFFILIATES,

Defendant.

-------------------------------------------------------------------X

## INJUNCTIVE RELIEF SOUGHT

Plaintiff, PEDRO FONTANES ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant ARCADE AFFILIATES, LLC a/k/a ARCADE AFFILIATES, (hereinafter "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, et seq. ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), the New York City Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL") and allege as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, et seq., based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

2.     Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York, County of Queens.

## PARTIES

3.      Plaintiff, PEDRO FONTANES is a resident of the State of New York and this judicial district, is sui juris, is disabled as defined by the ADA, is required to traverse in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the business at 7301 37th Road, Flushing, NY 11372 also known as 3755 73rd Street, Flushing, NY 11372 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

4.      On May 8, 2016, Plaintiff visited the facility with the intention of being a repeat customer at Kabab King Diner. However, due to the obstacles; Plaintiff was unable to patronize the restaurant. Plaintiff lives 4.7 miles from the Facility and Property.

5.      Plaintiff intends to visit the Facility and Property within six months, or sooner, to purchase food. Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property within the next six months, or sooner, as soon as the Facility and Property are accessible again.

6.      In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations discussed below.

7.      Kabab King Diner is a New York Corporation, and transacts business in the State of New

York and within this judicial district.  It operates the business at 7301 37th Road, Flushing, NY

11372 also known as 3755 73rd Street, Flushing, NY 11372   doing business as "Kabab King"

referred to in the Complaint as the "Facility".  Kabab King is the lessee, sub-lessee, lessor and/or

operator of the real property and improvements which are the subject of this action.

8.      Defendant ARCADE AFFILIATES, LLC a/k/a ARCADE AFFILIATES,  is a New York

Corporation, and transacts business in the State of New York and within this judicial district.

ARCADE AFFILIATES, LLC a/k/a ARCADE AFFILIATES is the owner and/or operator of the

real property and improvements which the Facility is situated in and is the subject of this action.

(referred in this Complaint as the "Property")

## FACTUAL ALLEGATIONS AND FIRST CAUSE OF ACTION

9.      On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C.

§12101, et seq.

10.     Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this
number is increasing as the population as a whole is growing older;


(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and,
despite some improvements, such forms of discrimination against individuals with disabilities
continue to be a serious and pervasive social problem;


(iii)    discrimination against individuals with disabilities persists in such critical areas as
employment, housing public accommodations, education, transportation, communication,
recreation, institutionalization, health services, voting, and access to public services;


(iv)     individuals with disabilities continually encounter various forms of discrimination,
including outright intentional exclusion, the discriminatory effects of architectural,

transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

11.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

12.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

13.     The Facility is a public accommodation and service establishment. The Property is a public accommodation and service establishment.

14.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §1281, et seq., and 28 C.F.R. §36.508(a).

15.     The Facility must be, but is not, in compliance with the ADA and ADAAG. The Property must be, but is not, in compliance with the ADA and ADAAG.

16.     Plaintiff has attempted to access the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

17.     Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or

accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

18.     Defendants have discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

19.     Defendants have discriminated against Plaintiff by failing to comply with the above requirements. Prior to the filing of this Complaint, Plaintiff was made aware of the following specific violations present at the Facility.  A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

## **ACCESSIBLE ELEMENTS**

a.      The door leading to the restroom area has improper hardware in violation of section 309.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access interior features of the Facility.

b.      The door leading to the restroom area has inadequate maneuvering clearances when you are leaving the restroom in violation of section 404.2.4.1 of the 2010

ADAAG regulations. This violation made it difficult for Plaintiff to access the units of the Property and/or Facility.

c.  The interior of the Facility has sales and services counters lacking any portion of the counter that has a maximum height of 36 inches from the finished floor in violation of section 904.4 of the 2010 ADAAG regulations, all portions of the sales and service counter exceed 36 inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Facility.

d.  There is an excessive vertical rise of 4" at the accessible entrances of the Property and/or Facility and they are not ramped in violation of section 303.4 of the 2010 ADAAG regulations. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

e.  One or more accessible entrances have a doorway threshold with a vertical rise in excess of ½" in violation of section 404.2.5 of the 2010 ADAAG regulations. This violation made it dangerous and difficult for Plaintiff to access the Facility.

f.  The accessible entrance has a doorway that is not wide enough in violation of section 404.2.3 of the 2010 ADAAG standards.  This violation made it difficult and dangerous for Plaintiff to access the interior of the property.

g.  The door to the accessible entrance of the Facility lacks a proper minimum maneuvering clearance in violation of section 404.2.4 of the 2010 ADAAG standards.  This violation made it difficult and dangerous for Plaintiff to access the interior of the property.

h.    The doorway of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG regulations. This violation made it difficult for Plaintiff to access the units of the Property.

i.    The walking surfaces of the second accessible entrance have excessive slope in violation of section 403.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

j.    The ground surfaces of the second accessible entrance have vertical rises in excess of ¼ inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Section 302 and 303 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

**RESTROOMS**

a.    The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG regulations. This would make it difficult for Plaintiff to utilize the restroom facilities.

b.    The door hardware of the restrooms are not at the proper height in violation of section 404.2.7 of the 2010 ADAAG regulations. This would make it difficult for Plaintiff to utilize the restroom facilities.

c.    The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of section 606.5 of the 2010 ADAAG regulations. This would make it difficult for Plaintiff to safely utilize the restroom facilities.

d.     The rear grab bar is not long enough and violates section 604.5 of the 2010 ADAAG standards. This would make it difficult for Plaintiff to safely utilize the restroom facilities.

e.     The hand operated flush control is not located on the open side of the accessible stall in violation of section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

.

20.     Since the barriers to access at the Facility and Property prevented Plaintiff from entering, the above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

21.     The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

22.     Upon information and belief, the Facility and Property has been altered since 2010.

23.     In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 18 can be applied to the 1991 ADAAG standards.

24.     Plaintiff has attempted to gain access to the Facility and Property in his capacity as a customer, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility and Property, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous

conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendants because of Plaintiff's disabilities, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

25.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

26.    Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendant.

27.    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendants.

28.    Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

## SECOND CAUSE OF ACTION- VIOLATIONS OF NEW YORK CITY HUMAN

## RIGHTS LAW

29. The New York City Human Rights Law provides:

"(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the

accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of... disability NYC Admin. Code § 8-107(4)(a)."

30. Defendants are in violation of the New York City Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

31. The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 31 as if set forth in their entirety here.

## THIRD CAUSE OF ACTION- VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

32. The New York State Human Rights Law provides:

"(a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation..., because of the disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of... disability. NYS Exec. Law § 296 (2)(a)."

33.    Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

34. The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

35.    Defendants are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

36.    The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 36 as if set forth in their entirety here.

## DAMAGES, ATTORNEY FEES AND COSTS

37.     The Plaintiff demands five hundred dollars ($500.00) in compensatory damages based on the Defendant's violation of the New York City Human Rights Law and the New York State Human Rights Law.

38.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

39.     Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

Dated: October 17, 2016
New York, New York

Respectfully Submitted,

SEKENDIZ LAW FIRM P.C.

Ismail S. Sekendiz (IS-0509)
Attorney for Plaintiff
45 Broadway Suite: 1420
New York, New York 10006
(212) 380-8087
isinan@hotmail.com